# THE VIRGINIA.

### Petition of HINES, Director General of Railroads.

(District Court, D. Maryland. June 23, 1920.)

1. Shipping ☞210—Value of cargo claims on account of wreck to be paid in full, passengers being satisfied by solvent owner.

On petition of federal Director General of Railroads and of steamship company for limitation of liability on account of loss of a steamer, and her cargo and others, *held* that, the company being solvent, the claims of passengers are to be paid by the company, and that, the value of the ship at the end of her voyage exceeding the aggregate amount of cargo claims, they are to be paid in full therefrom.

2. Shipping ☞167(2)—Limitation of liability embodied in tariff duly filed binding on passengers.

Steamship company's limitation of liability on account of checked baggage, embodied in tariff duly filed with Interstate Commerce Commission, *held* binding on passengers in case of loss by wreck.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Shipping ☞167(1)—Passenger could not recover for articles lost through wreck not in class of baggage.**

No recovery can be had by a passenger on a wrecked steamship for lost articles not included within necessary baggage and effects which a traveler may be expected to carry with him, though the steamship company's limitation of liability on checked baggage had no application to unchecked baggage, or to clothing or other articles on the person.

4. **Shipping ☞167(1)—Steamship company not liable for large sums carried by passenger, or for articles not for personal use.**

A steamship company will not be liable for loss through wreck of large sums exceeding what a traveler reasonably may be expected to carry, or for merchandise not intended for personal use.

5. **Shipping ☞167(1)—Steamship company liable for photographer's extra lens.**

Newspaper photographer, sent to take troop pictures, could recover of steamship company for loss by wreck of extra lens for camera carried by him, because he could not tell in advance precise focal length he would need.

6. **Shipping ☞167(1)—Steamship company liable to passenger for Liberty bonds lost in wreck.**

A steamship passenger should be permitted to recover for loss by wreck of Liberty bonds in a limited amount carried with him almost of necessity to escape rent of a safety vault consuming the interest return, though a carrier ordinarily is not liable for loss of securities.

In Admiralty. In the matter of the petition of Walker D. Hines, Director General of Railroads, and of the Baltimore Steam Packet Company, for limitation of liability on account of loss of steamer Virginia, her cargo, et al. Subsidiary questions of liability disposed of.

George Weem Williams and L. Vernon Miller, both of Baltimore, Md., for petitioner.

George Forbes, James W. Dennis, John H. Skeen, William D. Roycroft, Eli Frank, Frank, Emory & Beemokes, and George T. Mister, all of Baltimore, Md., for claimants.

ROSE, District Judge. In this case it has already been held (264 Fed. 986) that the petitioners are entitled to the benefit of section 4283 of the Revised Statutes (Comp. St. § 8021) as against cargo owners, but not as against passengers. Some resulting and some subsidiary questions are still to be disposed of.

### Rights of Cargo Claimants.

The appraised value of the wreck was but a small fraction of the total proved claims, but it largely exceeds the aggregate of those for lost cargo. The petitioners say that the cargo owners must accept in settlement of their demands that percentage to which they would be entitled if the passengers could not look to anything other than the value of the wreck; that is to say, if it be assumed, for illustration and for that purpose only, that what will be left of the net value of the charred hull after salvage, costs, etc., have been paid, will be $20,000, and that there is $5,000 due to cargo owners, and $95,000 to passengers or $100,000 in all, the former will be entitled to but $1,000,

or one-fifth of their losses, because the available fund is only one-fifth of the claims entitled to share in it. To this the shippers reply:

Not so. You are solvent, and you are bound to pay the passengers in full, and must do so, and you cannot, as against us, assert that their claims are limited, when in point of fact the court has decided that they are not.

No reported case, dealing with this precise point, has been brought to my attention. If the petitioners were insolvent, the passengers would be doubtless entitled to share in the proceeds of the res; but that would be their right, and not that of the shipowners.

[1] In the instant case, the right of the petitioners to require the passengers to look solely to the fund has been denied. The prayer of their petition is to limit liability as to such claims has been rejected. There is authority in the decided cases, as in logic, that as to the passengers' claims a dismissal of the petition should follow. It has not been necessary to decide whether such order should be made or not, and the decree to be passed herein will adjudicate those claims, and decree that the petitioners shall pay them; but that is in virtue of a stipulation among the parties that as all the claims were maritime in their nature, and within the jurisdiction of the admiralty, those interested in their prosecution need not add to the costs and multiply papers by instituting separate suits upon each of them, but that the claims already filed in the limited liability proceedings shall be treated as if they were separate libels originally independently filed, but for convenience of trial consolidated with these proceedings. The substantial rights of the parties, however, are not affected by this agreement, sensible and practical as it is. So far as I can ascertain, the ordinary practice here and in other districts is that seamen's wages which are not subject to limitation are paid by the shipowners, and are not taken out of the value of the ship. It would seem that the claims of passengers in this case shall be treated in like manner. As the value of the ship at the end of her voyage exceeds the aggregate amount of cargo claims, they will be paid in full.

## Limited Recovery for Checked Baggage.

[2] Some of the baggage lost was checked. In such cases, by the tariff of the steamship company, duly filed with the Interstate Commerce Commission, liability was limited to $100 per ticket. Such limitation is binding and must be enforced. Boston & Marine R. R. v. Hooker, 233 U. S. 97, 34 Sup. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450, Ann. Cas. 1915D, 593.

## Hand Baggage and Articles Worn by the Passengers.

[3] The $100 limitation has no application to hand baggage not checked, or to clothing or other articles worn on the passenger's person. Hasbrouck v. N. Y. Central, 202 N. Y. 363, 95 N. E. 808, 35 L. R. A. (N. S.) 537, Ann. Cas. 1912D, 1150; 5 R. C. L. 208. But no recovery can be had for any articles which are not included within the necessary baggage and effects which a traveler may be expected to carry with him.

[4] A steamship company will not be liable for large sums of money, exceeding in amount that which, under all the circumstances, a wayfarer may be expected to take with him, or for merchandise not intended for personal use. If a general ruling shall not suffice, a more specific determination will have to be made in particular cases.

### Photographer's Camera and Extra Lens.

[5] One of the claims is in right of a photographer, who was sent by a newspaper to take pictures of troops returning to this country. Not knowing in advance under what conditions the pictures would have to be taken, he had with him an extra lens of different focal length from that in his camera, so that, if necessary, he might substitute one for the other. It has been held that an artist may recover for an easel taken on a sketching tour. Merrill v. Grinnell, 30 N. Y. 609. And an army surgeon, traveling with his troops, is entitled to take his surgical instruments with him, and to be reimbursed for them if they be lost in consequence of the negligence of the carrier. Hannibal R. R. v. Swift, 79 U. S. (12 Wall.) 262, 20 L. Ed. 423. The photographer and his lenses come within the same principle.

### Liberty Bonds.

[6] A few of the claimants carried Liberty bonds on their person or in their hand baggage. Ordinarily valuable securities are not among the things which a passenger can reasonably be expected to carry on his journey. In the absence of special circumstances, the carrier is not liable for their loss, even though it may be the result of the negligence of its employés, as distinguished from the latter's fraudulent conversion or theft.

There is no reason why an exception should be made of Liberty bonds of a worth exceeding a narrowly limited sum. On the other hand, it is not possible to close our eyes to the fact that very many people own bonds, which in each individual case do not exceed the value of a few hundred dollars. Many of them never held any securities of any kind before and have none other now. They cannot afford to keep a safe deposit box for the storage of securities, the annual interest on which ranges from $1.75 to $8 or $9. When they move about, they must almost perforce take their bonds with them. If so, should not the latter be held to be among the things which the necessity or reasonable convenience of the traveler justifies him in carrying with him?